FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

MAR 3 2009

JAMES N. HATTEN, Clerk
By: _Dewilf_ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DAQUAN LAMONT STEVENS, | : | PRISONER CIVIL RIGHTS |
| Inmate# 0836883, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-0199-TWT |
| | : | |
| UNKNOWN, | : | |
| Defendant. | : | |

## ORDER AND OPINION

Plaintiff Daquan Lamont Stevens, a pre-trial detainee at the Fulton County Jail in Atlanta, Georgia, has filed the instant pro se civil rights action and has failed to submit the $350.00 filing fee or a request to proceed in forma pauperis. For the purpose of dismissal only, leave for Plaintiff to proceed in forma pauperis is hereby **GRANTED**, and the matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

I.     28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A

claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or "indisputably meritless." Caroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

2

AO 72A
(Rev.8/82)

From what the Court can gather from the complaint, Plaintiff appears to challenge the Fulton County Superior Court's jurisdiction over his criminal proceedings, and seeks this Court's intervention in connection therewith. Plaintiff apparently believes that the Fulton County Superior Court's jurisdiction over his criminal proceedings arises from admiralty or maritime law, which does not provide the court with jurisdiction over Plaintiff.

In the context of a § 1915A frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Rather, a court may dismiss an action under § 1915A "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton, 504 U.S. at 32-33 (citations omitted). Therefore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

3

Contrary to Plaintiff's contention, he is not exempt from the Fulton County Superior Court's jurisdiction over his criminal proceedings. Plaintiff's claim appears to be, at best, fanciful, and it is most certainly frivolous.

Moreover, Plaintiff presents no factual allegations suggesting that his jurisdictional claims cannot adequately be raised in his pending state prosecution, and this Court is prohibited from intervening therein by the doctrine of abstention articulated in Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 244 (1926)). Plaintiff does not attempt to set forth any facts that would demonstrate that he lacks an adequate opportunity to present his claims in the state court proceedings. Accordingly, the Younger abstention doctrine prohibits this Court from addressing them.

4

Extraordinary circumstances may justify intervention in circumstances where a plaintiff alleges great, immediate and irreparable injury or a flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. Plaintiff, however, has not alleged irreparable injury or a flagrant violation of his rights. Thus, this exception to the Younger doctrine is not applicable here.

Finally, to the extent that Plaintiff seeks for the charges against him to be dismissed based upon any of his claims, habeas corpus, rather than section 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff may file a 28 U.S.C. § 2254 federal habeas corpus petition in the district in which he was convicted following his exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974). Because Plaintiff has not exhausted his state court remedies, the Court declines to construe this action as a habeas corpus petition. Accordingly, Plaintiff's challenge to his current confinement is subject to dismissal under § 1983.

AO 72A
(Rev.8/82)

In light of the foregoing analysis, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this _3_ day of _March_, 2009.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)